UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
UNITED STATES OF AMERICA

LESLIE MESHELL BASS                              CA: _____

VERSUS

UNKNOWN DEPUTIES,
SABINE PARISH SHERIFF'S DEPARTMENT               JUDGE: _____
Through, Sheriff Aaron Mitchell, UNKNOWN
OFFICERS, CITY OF MANY through
Mayor Kenneth Freeman                            MAG: _____

*******************************************************************************

## COMPLAINT FOR DAMAGES

### 1.

### INTRODUCTION

This is a lawsuit brought by the Plaintiff, LESLIE MESHELL BASS (sometimes referred to herein

as "Complainant/Plaintiff"), for violation of Constitutionally protected rights, as well as state law

claims under La. CC art. 2315 for false arrest, mental anguish, and malicious prosecution and La.

C.C. art. 2320 for vicarious liability. Compensatory and punitive damages are sought against the

police officers and deputies involved in the civil rights violation both in their official capacities

and personal capacities, and their employers, the Sabine Parish Sheriff's Department, through

Sheriff Aaron Mitchell and City of Many through Mayor Kenneth Freeman, for state law torts in

their official capacities, where appropriate.

### STATEMENT OF JURISDICTION AND VENUE

### 2.

This Honorable Court has federal question jurisdiction over the subject matter of this claim

pursuant to 28 U.S.C. 1331, 1343 (a)(1), (2), and (4) and 42 U.S.C. § 1983. This action arises

under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, the Civil

Rights Act of 1871, Constitution of the State of Louisiana, and Louisiana Civil Code. This Court has jurisdiction of this cause under La. Const. art. 5, §  10 and 16.

**3.**

Federal jurisdiction over pendant state claims is governed by 28 U.S.C. § 1367, which states: "[I]n any civil action in which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all claims that are so related to claims in the action... that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The state law claims under La. CC art. 2315 for false arrest, mental anguish, and malicious prosecution and La. C.C. art. 2320 for vicarious liability.

**4.**

Complainant brings this action to redress the deprivation under the color of state law of rights, privileges and immunities secured to her by provisions of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

**5.**

Venue is proper with this Honorable Court as at all material times, all parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred in this judicial district.

**6.**

At all times relevant herein, all law enforcement officials herein were acting under color of state law in the course and scope of their duties and functions as agents, servants, and employees of their employer named herein, and otherwise performed and engaged in conduct incidental to their performance of their lawful functions in the course of their duties.

**7.**

On information and belief, Defendants, UNKNOWN DEPUTIES, UNKNOWN OFFICERS, CITY OF MANY, and SABINE PARISH SHERIFF'S DEPARTMENT's policy, practice and custom of engaging in faulty investigations, false arrests, excessive force, and false imprisonment has been promulgated, effectuated and/or enforced in bad faith as a matter of express policy or custom and contrary to clearly established law.

**8.**

In defiance of the clear constitutional command, DEFENDANTS have at all times relevant herein, promulgated, implemented, enforced and/or failed to rectify a policy, practice and custom allowing officers and deputies to engage in the sort of constitutional violations averred herein without proper oversight or sufficient corrective action. This policy or custom has resulted in the violation of the most fundamental rights of COMPLAINANT herein.

**9.**

As a direct and proximate result of the acts described herein effected pursuant to this policy or custom, COMPLAINANT has suffered severe psychological pain and suffering, mental anguish, and loss of wages.

**10.**

**DEFENDANTS**

Made Defendants herein are:

UNKNOWN DEPUTIES, are citizens of Louisiana and residents of Sabine Parish, who, at all times relevant to this complaint, were deputies working for and acting in the course and scope of their employment and acting under the color of law with the Sabine Parish Sheriff's Department. They are being sued in their official and personal capacities.

SABINE PARISH SHERIFF'S DEPARTMENT, through SHERIFF AARON MITCHELL, in his official capacity as employer of defendant, UNKNOWN DEPUTIES, and vicariously liable for state law delicts of said Defendant through La. CC 2320. This is the current sheriff. However, the sheriff at the time of the incident was Sheriff Ronnie Richardson.

UNKNOWN OFFICERS, citizens of Louisiana and residents of Sabine Parish, who, at all times relevant to this complaint, were officers working for and acting in the course and scope of their employment and acting under the color of law with the City of Many. They are being sued in their official and personal capacities.

CITY OF MANY, through MAYOR KENNETH FREEMAN, in his official capacity as employer of defendant, Unknown Officers, and vicariously liable for state law delicts of said Defendant through La. CC 2320.

## FACTUAL ALLEGATIONS

### 11.

On or about December 28th, 2019, Plaintiff was driving into town in Many, Sabine Parish, Louisiana.

### 12.

Complainant, at all times relevant to this complaint, was driving with the utmost care and caution and obeying all of the traffic laws of the State of Louisiana.

**13.**

Despite her careful and caution driving, a traffic stop was initiated by UNKNOWN OFFICERS and UNKNOWN DEPUTIES, and Complainant was pulled over approximately 3.8 miles from her home.

**14.**

Complainant was pulled over for allegedly driving improperly.

**15.**

Defendants yelled to remove herself from the vehicle backwards and with her hands remaining out of window of the vehicle, so that Defendants could see that she had no weapons in her hands.

**16.**

Upon attempting to exit her vehicle, Complainant realized that UNKNOWN OFFICERS and UNKNOWN DEPUTIES had their department issued firearms drawn and pointed directly at her.

**17.**

At all times relevant to this complaint, COMPLAINANT was compliant with DEFENDANTS' demands.

**18.**

Also, during the encounter, DEFENDANTS continued to accuse COMPLAINANT of having in her possession some type of illegal narcotics or such other illegal substances.

**19.**

DEFENDANTS proceeded to search COMPLAINANT's vehicle without her consent. As a result of the search, DEFENDANTS found, what is believed to have been sidewalk chalk left in COMPLAINANT's vehicle by one of her six children.

**20.**

COMPLAINANT avers that DEFENDANTS removed some prescription drugs that were confiscated during the arrest, crushed them, and placed them in the chalk to be sent to the lab to be tested, as the lab test for the drugs came back positive for the prescription drugs that COMPLAINANT had, lawfully, in her possession on the date of the arrest, and her children never had access to the prescription drugs.

**21.**

Despite a negative field test of the chalk, COMPLAINANT was arrested for improper lane usage, resisting arrest, and possession of cocaine.

**22.**

COMPLAINANT was forced to spend the night in the Sabine Parish jail.

**23.**

COMPLAINANT continues to suffer severe emotional distress from this incident with DEFENDANTS as she flinches or pulls her vehicle to the side of the road each time she sees a police unit pull up behind her vehicle.

**24.**

COMPLAINANT, intentionally, goes out of her way to avoid the police as she continues to suffer emotional, residual trauma from this incident.

**25.**

This incident is the first and last time that COMPLAINANT has been arrested in her life.

**26.**

Ultimately, the charges against her were dismissed by the Sabine Parish District Attorney's office for lack of evidence to prosecute the charges against her of which she was informed on April 13th, 2020.

**27.**

COMPLAINANT avers that the prosecution levied against her was absent probable cause.

**28.**

COMPLAINANT, further, avers that DEFENDANTS acted with the presence of malice or with such reckless disregard Plaintiff's rights as to rise to the level of malice in forcing the action against her.

**29.**

As a result of DEFENDANTS' malicious prosecution, false arrest, use of excessive force, and such other actions taken against COMPLAINANT, she has suffered many damages.

**CIVIL RIGHTS VIOLATIONS**

**30.**

DEFENDANTS actions were malicious and recklessly indifferent to the COMPLAINANT's federally protected rights under the Fourth, Fifth, and Fourteenth Amendments. Punitive damages are requested.

**31.**

COMPLAINANT alleges that all relevant times, DEFENDANTS were acting under the color of law and acting in the course and scope of their employment as officers and deputies of the SABINE PARISH SHERIFF'S DEPARTMENT, through SHERIFF AARON MITCHELL and CITY OF MANY through MAYOR FREEMAN.

**32**.

The actions utilized by DEFENDANTS were illegal, excessive and, thus, constituted an unreasonable seizure of Complainant in violation of her Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and arise to the level of a violation of 42 U.S.C. 1983.

**33.**

COMPLAINANT avers that she is entitled to reasonable attorney's fees in this action, if found to be appropriate by this Honorable Court.

**34.**

As a result of the false arrest, excessive force, and malicious prosecution by DEFENDANTS, COMPLAINANT has suffered special damages including medical bills, past, present and future; and general damages, including but not limited to pain, fear, anxiety, mental distress, loss of enjoyment of life, past and future lost wages as well as other damages to be proved at trial. Defendants, UNKNOWN DEPUTIES and UNKNOWN OFFICERS, individually, and in their official capacities as officers/employees of the SABINE PARISH SHERIFF'S DEPARTMENT through SHERIFF AARON MITCHELL and CITY OF MANY through MAYOR FREEMAN, are being sued for the following reasons, to wit:

   A. Intentionally and/or negligently depriving COMPLAINANT of her constitutional rights and participating in unlawful acts including: conspiring to unlawfully seize and detain her and inflicting emotional distress upon her;

B. Failing to do what they should have done and to being callously indifferent to the constitutional rights of COMPLAINANT, including knowingly violating what they knew or should have known to be those constitutional rights;

C. Failing to adhere to proper standards;

D. Failing to following all internal procedures, safeguards and protocol required by generally accepted law enforcement procedures and/or the Many Police Department and Sabine Parish Sheriff's Department; and

E. All of their actions were undertaken under color of law, and within the scope of their employment such that their employers are liable for their actions.

**35.**

COMPLAINANT incorporates all the foregoing allegations, herein. Additionally, under state law, COMPLAINANT is entitled to damages for DEFENDANTS' tortious acts on her, including aggravated assault, aggravated assault with a dangerous weapon, battery, false arrest, intentional infliction of emotional distress, and negligent infliction of emotional distress. The SABINE PARISH SHERIFF'S DEPARTMENT through SHERIFF AARON MITCHELL and CITY OF MANY through MAYOR FREEMAN, as the employers of UNKNOWN DEPUTIES and UNKNOWN OFFICERS are vicariously liable for the delicts of its employees under La. C.C. 2320. Defendants are liable to Complainant for their acts and omissions for:

A. Wrongful arrest;

B. Mental anguish;

C. Assault;

D. Aggravated assault;

E. Aggravated assault with a deadly weapon;

F. Battery;

G. Second degree battery;

H. Wrongful arrest and detention; and

I. Malicious prosecution.

## DAMAGES

**36.**

Those acts described above caused resulting injury to COMPLAINANT. These include, but are not limited to:

A. Mental suffering and anguish;

B. Psychological suffering and anguish;

C. Emotional distress, inflicted both negligently and intentionally;

D. Economic losses including having to pay Attorney's Fees for the defense of the above mentioned charges; and

E. Lost/reduced wages.

**37.**

COMPLAINANT seeks and is entitled to attorney's fees under 42 U.S.C. 1981, 1983 and 1988, and COMPLAINANT seeks damages under La. C.C. art. 2315, 2320, and such other related, relevant articles under Louisiana law.

**38.**

COMPLAINANT requests TRIAL BY JURY.

## PRAYER FOR RELIEF

COMPLAINANT, LESLIE MESHELL BASS, requests that this Court assume jurisdiction over this cause, grant her compensatory and punitive damages, costs and attorney's fees, judicial interest running from date of demand, and award all other proper relief.

Respectfully Submitted,

/s/ *Mary K. "Katie" Beaird*
**Mary K. "Katie" Beaird,**
**Attorney at Law**
La. Bar Roll #34,440
303 E. Texas Street
Leesville, LA 71446
T (337) 944- 0299
F (337) 415- 0081
Mkb@marykbeaird.com